JUDGE PRYOR
delivered the opinion op the court.
The appellants, Thomas Lee, Joseph Fowler, and others were the joint owners of the steamboat Rapidan, engaged in carrying goods, chattels, and passengers for hire and reward on their boat from the city of Paducah to Florence and all intermediate points along the line of the route on the Tennessee River. The appellees, Burgess & Graham, in March, 1870, delivered to the agent of the appellants and clerk of their boat a package containing five hundred dollars, to be delivered by the latter to William McCawley, at a landing on the river called Birmingham. This money was for the appellant Graham, who was engaged, together with Burgess, in buying *653 tobacco near this landing. The clerk at the time he received the money executed this writing, viz.:
“ Received, Paducah, Ky., March 5,1870, of Settle & Bros, five hundred dollars for Dr. Sam’l Graham, Birmingham, care of fm. McCawley. D. W. Swann, GVh jStr. Bapidan.
Burgess had left this money with Settle & Bros, to be sent to his partner, Graham. The money was never delivered by the appellants or their clerk, and this action was instituted by the appellees against the appellants (the owners of the boat), alleging that the latter undertook, as common carriers of goods and chattels, to deliver this money to McCawley, and having failed to do so, they seek to fix the liability of the appellants by the rule of the common law in relation to such an employment. The defense relied on is in substance that the appellants were not common carriers of money or bank-bills, but of freight and passengers; that the clerk executed the receipt in the name of the boat without any authority; and that no compensation was received or intended to be paid appellants or their agent for carrying the money; and that, although money was carried by. them, it was done only as an j accommodation, without charge or any expectation of receiving any reward. They also alleged the exercise of proper care and vigilance in order to secure the money and its unavoidable loss by the accidental sinking of the boat. A general demurrer to the answer was overruled, and a special demurrer sustained to certain parts of this pleading, by which the appellants were prevented from relying on any other defense for the nondelivery of the money than such as would relieve a common carrier from responsibility — viz., its loss by the act of God or the enemies of the country.
It appears from the evidence in the cause that the boat landed at Birmingham on its way up the Tennessee River, after the reception of the money, about midnight. The money *654 was taken from the safe by the clerk, who went upon shore in order to deliver it. There was no wharf-boat, and the place of landing was only marked by the clearing away of the timber. The night was dark and cloudy, and no one could be seen on shore, although the boat had blown its whistle time and again in order to notify persons of its arrival. The clerk returned on board (having placed the money in the safe), and the boat, while on its voyage a short distance from Birmingham, without the fault of appellants or their agents, ran against some obstruction in the river and sunk in deep water; that every effort had been made to recover the money (the safe containing thirty-five hundred dollars of the boat’s money), but without success. During the' progress of the trial the appellants offered to prove that they never received or charged any compensation for carrying money, and that none was paid by the appellees or expected to be received by the appellants for carrying the package in controversy. This evidence was excluded, and of which the appellants complain. The court also instructed the jury that the appellants were liable as common carriers, and the propriety of this instruction, as well as the exclusion of the testimony referred to, are the only questions necessary to be considered.
The petition charges the appellants with being common carriers, and the burden of proof is on the plaintiffs to show a state of case making them liable as such. It is not insisted, nor can it be maintained upon the facts proven, that the agents of the appellants were guilty of even the slightest neglect in the transportation of the appellee’s money. They acted as prudent men should in the discharge of this business transaction, and the only mode of creating any responsibility upon them is by showing that the owners of this boat undertook as common carriers to deliver the package. A common carrier is one carrying passengers or goods, wares, and merchandise for compensation. Bank-bills may for certain purposes be re *655 garded as goods, but it can not be said with any show of reason that in speaking ordinarily of. goods, wares, and merchandise, or even when claiming by an allegation in a petition or declaration the recovery of such property, that the pleader means bank-bills.
It is not pretended in this case that the carrying of money is within the ordinary and usual business of a steamboat, and therefore it will not do to say that because goods, wares, merchandise, and passengers are carried on this boat, therefore the owners are common carriers of gold or bank-bills. We / do not intend to say that one may not be a common carrier! of money or bank-bills. This liability may be assumed with reference to money as well as ordinary freight; but where such a liability is sought to be established it must be shown that the party charged is a common carrier of bank-bills, where the1, carrying of such packages is not within the ordinary business in which the carrier is engaged. Suppose the clerk qf this boat had refused to accept the package for delivery upon the appellee’s tendering compensation, could the company or the owners have been made liable by reason of such refusal? We think not, and for the reason that it was not within their employment. “Those who carry goods for hire from place to place are common carriers.” (2 Parsons on Contracts, 163.) The true principle of the carrier’s liability is in the reward. (4 Barnw.; Sewall v. Allen, 6 Wendell, 354.) The court therefore erred both in the instructions given and in excluding the evidence offered by the appellants showing the manner in which they undertook to carry the package, etc. Under the proof the defendants were only bailees of the package, and held to ordinary diligence.
Wherefore, for the reasons indicated, the judgment is reversed, and cause remanded with directions to award the appellants a new trial, and for further proceedings consistent with this opinion.